| **Fill in this information to identify the case:** |
|---|

United States Bankruptcy Court for the:

Southern District of Texas
_____(State)_____

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1.  Debtor's Name**

**Jimco Lamp & Manufacturing Company**

**2.  All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3.  Debtor's federal Employer Identification Number** (EIN)

**20-3055837**

**4.  Debtor's address**

**Principal place of business**

12303 Technology Boulevard
Number       Street

Suite #950

Austin                    Texas        78727
City                       State        Zip Code

Travis
County

**Mailing address, if different from principal place of business**

Number           Street

City                          State    Zip Code

**Location of principal assets, if different from principal place of business**

Number           Street

City                          State    Zip Code

**5.  Debtor's website** (URL)

**https://www.nbg-home.com/**

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Jimco Lamp & Manufacturing Company          Case number *(if known)* _____
       Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4232**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C.§ 1116(1)(B).

     ☒ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

District _____ When MM/DD/YYYY Case number _____

District _____ When _____ Case number _____
                                MM/DD/YYYY

---

| Debtor | Jimco Lamp & Manufacturing Company | Case number *(if known)* | |
|--------|--------|--------|--------|
| | Name | | |

| | | | |
|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor **See Rider 1** | Relationship **Affiliate** |
| | | District **Southern District of Texas** | When **See Rider 1**<br>MM / DD / YYYY |
| | | Case number, if known _____ | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____
City                                State      Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency  _____
Contact name  _____
Phone  _____

---

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

Debtor  __Jimco Lamp & Manufacturing Company__   Case number *(if known)* _____
  Name

| 14. Estimated number of creditors (on a consolidated basis) | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,000-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __02/08/2023__
             MM/ DD / YYYY

✗  __/s/ Hope Margala__                        __Hope Margala__
   Signature of authorized representative of debtor    Printed name

Title  __Authorized Signatory__

| 18. Signature of attorney | ✗  __/s/ Matthew D. Cavenaugh__ | Date  __02/08/2023__ |
|---|---|---|
| | Signature of attorney for debtor | MM/DD/YYYY |

__Matthew D. Cavenaugh__
Printed name

__Jackson Walker LLP__
Firm name

__1401 McKinney Street, Suite 1900__
Number                    Street

__Houston__                          __Texas__          __77010__
City                                State          ZIP Code

__(713) 752-4200__                    __mcavenaugh@jw.com__
Contact phone                        Email address

__24062656__                          __Texas__
Bar number                           State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>       Southern District of Texas<br>                (State)</td></tr>
<tr><td>Case number <em>(if known)</em>:  _____</td><td>Chapter  11</td></tr>
</table>

☐ Check if this is an amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Nielsen & Bainbridge, LLC.

Nielsen & Bainbridge, LLC
Cheyenne Products LLC
Design Solutions International, Inc.
Dwell & Decor Outdoor LLC
Dwelling & Decor LLC
Home Decor Holding Company
Jimco Lamp & Manufacturing Company
KNB Holdings Corporation
N&B Industries, Inc.
NBG Intermediate Holdings Inc.
NBG Propco LLC
NBG Topco Holdings Inc.
Patton Picture Company
Quoizel, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JIMCO LAMP & MANUFACTURING COMPANY, | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Jimco Lamp & Manufacturing Company | Home Decor Holding Company | 12303 Technology Blvd. Suite #950 Austin, TX 78727 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JIMCO LAMP & MANUFACTURING COMPANY, | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders |
|---|
| Home Decor Holding Company |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Jimco Lamp & Manufacturing Company |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| Executed on | 02/08/2023 | ☒ | */s/ Hope Margala* |
| | MM/ DD/YYYY | | Signature of individual signing on behalf of debtor |
| | | | **Hope Margala** |
| | | | Printed name |
| | | | **Authorized Signatory** |
| | | | Position or relationship to debtor |

Official Form 202                     Declaration Under Penalty of Perjury for Non-Individual Debtors

Fill in this information to identify the case:

Debtor name: Nielsen & Bainbridge, LLC *et al.*

United States Bankruptcy Court for the: Southern _____ District of Texas _____
(State)

Case number (If known): _____

❑ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WANGBIN DECORATIVE MATERIAL CO. NO.92, CHAOYANG EAST ROAD, FOTANG TOWN, YIWU CITY, ZHEJIANG PROVICE, CHINA | Attn: BRIAN HUANG Title: OWNER Phone: 0086-182 5898 8625 Email: brian@wangbin.com | Trade Payables | | | | $5,592,778 |
| 2 | LAMPLUX CO., LTD NO.176 XINWU VILLAGE GROUP GUANGDONG PROVINCE, CHINA | Attn: SHAWN Title: OWNER Phone: 86 757-81090326 Email: Shawn@lamplux.com | Trade Payables | | | | $3,914,228 |
| 3 | LITESUN LIGHTING CO., LTD NO. 2, YUNAN ROAD, SUBIAN, CHASHAN TOWN, DONGGUAN CITY, GUANGDONG PROVINCE, CHINA | Attn: SABBRINA Title: OWNER Phone: 13922521241 Email: sabbrinas@163.com | Trade Payables | | | | $3,230,355 |
| 4 | MINHOU BEITE HOME DECOR CO, LTD. TIELING INDUSTRIAL ZONE II, GANZHE, MINHOU, FUZHOU, FUJIAN, CHINA 350100 | Attn: AILEEN GAO Title: SALES MANAGER Phone: 86-591-22229555 Email: aileen@beitedeco.com | Trade Payables | | | | $3,221,159 |
| 5 | DONGGUAN CITY GENERAL SUCCESS CAI BAI THE FIRST INDUSTRY AREA, DAOJIAO TOWN, DONGGUAN CITY, GUANGDONG, CHINA | Attn: MR. LI Title: OWNER Phone: 86-769-81315688 Email: gs-morningzhu@gs0906.com Fax: 86-769-81315692 | Trade Payables | | | | $2,908,916 |
| 6 | NEW JOYCE ART SUPPLY, INC. NO. 19, MINGFANG WEST ROAD, HUAZHUANG STREET, BINHU DISTRICT, WUXI, JIANGSU PROVINCE, CHINA 214131 | Attn: PAN YIJUN Title: OWNER Phone: 13906198326 Email: jean@ici-design.com betty@ici-design.com | Trade Payables | | | | $2,394,669 |
| 7 | ZHANG ZHOU AILAILI FURNITURE BEIYI ROAD, LANTIAN DEVELOPMENT SITE, ZHANGZHOU CITY, FUJIAN PROVINCE, CHINA | Attn: SHIRLEY XU Title: OWNER Phone: 86-15859621116 Email: bonglicn@vip.163.com | Trade Payables | | | | $2,036,382 |
| 8 | NEW CHAO FENG GROUP NO. 5942 HUYI ROAD, WAI GUAN TOWN, JIA DING DISTRICT, POSTAL CODE 210806 SHANGHAI, CHINA | Attn: EMILY Title: OWNER Phone: 86-21-69575168 Email: chief@sh163.net; newchaofeng@yahoo.com | Trade Payables | | | | $1,796,603 |
| 9 | AEL INTERNATIONAL (HK) LIMITED BEIYI ROAD, LANTIAN DEVELOPMENT SITE, ZHANGZHOU CITY, FUJIAN PROVINCE, CHINA | Attn: WENDY TAN Title: SALES MANAGER Phone: 0086-0769-81789196 Email: Fax: 0086-0769-81789198 | Trade Payables | | | | $1,708,793 |
| 10 | XIAMEN NATURE & HOME TRENDS CO., LTD ROOM 1201, NO. 396-398 XIAMEN CITY, FUJIAN, CHINA | Attn: MS. YANG Title: OWNER Phone: 86-13859983899 Email: kimyan@naturehometrends.com | Trade Payables | | | | $1,549,748 |
| 11 | NANTONG RACHEL TEXTILES CO., LTD. JIANG'AN TOWN, RUGAO DISTRICT, NANTONG, JIANGSU, CHINA 226000 | Attn: SELINA Title: OWNER Phone: 18806298533 Email: selina@racheltextiles.com | Trade Payables | | | | $1,519,586 |
| 12 | PEGTOM INDUSTRIAL COMPANY 300-2031 WEST 41ST AVE VANCOUVER, BC V6M 1Y7 CANADA | Attn: JASON Title: OWNER Phone: Email: pegtom@djvan.com | Trade Payables | | | | $1,407,144 |
| 13 | HAINING LIGE TEXTILE CO., LTD NO.127 WENSHENG NORTH ROAD, SHENGSHI, XUCAN, HAINING, ZHEJIANG, CHINA 314422 | Attn: AMY Title: OWNER Phone: 13750747101 Email: amy@league-textile.com | Trade Payables | | | | $1,392,275 |
| 14 | RISING-SUN LIGHTING FACTORY SUCUM INDUSTRIAL ZONE, YINFENG ROAD, DANZAO TOWN, NANHAI DISTRICT, FOSHAN CITY, GUANGDONG PROVINCE, POSTAL CODE 528216, CHINA | Attn: KEVIN Title: OWNER Phone: 086-757-85404080 Email: sales@risingsunlighting.com | Trade Payables | | | | $1,351,911 |
| 15 | NEW POURSKEY LIGHTING TECHNOLOGY CO #1 SHIHUAN ROAD, SANGYUAN, DONGCHENG DISTRICT, DONGGUAN, GONGDONG, CHINA | Attn: JULIE Title: OWNER Phone: 13602388135 Email: newpourskeyjulie@vip.163.com | Trade Payables | | | | $1,301,088 |
| 16 | BEYOND PEAK LIMITED ROOM 2107,21/F.,CCWU BUILDING 302-308 HENNESSY ROAD XIANJU ZHEJIANG, CHINA | Attn: DAVID FANG Title: OWNER Phone: 13906556565 Email: david@zhejiangfenda.com | Trade Payables | | | | $1,228,079 |

1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | FUZHOU DESOURCE HOME DECOR CO., LTD 8# GUANLU, HONGWEI, MINHOU COUNTY, FUZHOU CITY, FUJIAN PROVINCE, CHINA 350100 | Attn: JACKSON YANG Title: OWNER Phone: 86-13850191998 Email: connie@desourceco.com | Trade Payables | | | | $1,175,653 |
| 18 | JASLEEN OVERSEAS PLOT # 164, SECTOR-29 PART-2, HUDA PANIPAT-132103, INDIA | Attn: G.S. RAYAT Title: OWNER Phone: 91 99969 01801 Email: gsrayat@jasleenoverseas.com | Trade Payables | | | | $1,115,526 |
| 19 | HAINING LIANHENG TEXTILE CO. 13/F BLOCK A, BAIANYIJIA BUSINESS CENTER, NO 266 HAOXI ROAD, NANTONG, JIANGSU, CHINA 226000 | Attn: SUSAN XU Title: OWNER Phone: 0086 573 8798 6011 Email: sxu@lhtextile.com | Trade Payables | | | | $1,112,404 |
| 20 | DAI THANH FURNITURE JSC HIGHWAY1A, GROUP 2, AREA 8 QUY NHON, 590000 VIETNAM | Attn: LE CONG THANH Title: OWNER Phone: +84 987347777 Email: le.cong.thanh@daithanhfurniture.com | Trade Payables | | | | $1,071,032 |
| 21 | JINGWEI LIGHITNG PRODUCTS CO., LTD YAO-LE MANAGEMENT REGION LIAO-BU TOWN DONG GUAN CITY GUANG DONG P.R.CHINA | Attn: MR. CAO Title: OWNER Phone: 13602390805 Email: jingwei@dgjwds.com | Trade Payables | | | | $1,010,287 |
| 22 | BLUECROSS BLUESHIELD OF TEXAS 1001 EAST LOOKOUT DRIVE RICHARDSON, TX 75082 UNITED STATES | Attn: ZAC HAMMOND Title: ACCOUNT EXECUTIVE Phone: (512) 349-4805 Email: zac_hammond@bcbstx.com | Trade Payables | | | | $990,362 |
| 23 | DONGGUAN JUFENG LTG PRODUCTS CO., LTD NO.2 XINXING ROAD, JIAOSHE VILLAGE, DONGKENG TOWN, DONGGUAN CITY, GUANGDONG, CHINA | Attn: MR. XUE Title: OWNER Phone: 13751251308 Email: michael@topthinglighting.coM | Trade Payables | | | | $922,000 |
| 24 | JINYAJINDIAN LIGHTING CO. LTD NO.28 SHISHUIKOU VILLAGE HESHI ROAD QIAOTOU TOWN, DONGGUAN CITY, GUANGDONG PROVINCE, CHINA | Attn: YOKO Title: OWNER Phone: 13686688027 Email: emily.fang@jinyalighting.com; sakura.dong@jinyalighting.com; | Trade Payables | | | | $883,432 |
| 25 | CHENYU (ANHUI) CULTURAL ARTS CO., LTD NO. 8 GAOYONGDONG ROAD, KUNSHAN, JIANGSU PROVINCE, CHINA | Attn: SAM SHAO Title: OWNER Phone: 15888589777 Email: sales02@chinachenyu.com | Trade Payables | | | | $862,255 |
| 26 | NINGBO GREATFLY HOMETEXTILE CO. LTD TAOYUAN INDUSTRY ZONE HENGJIE TOWN HAISHU DISTRICT NINGBO CITY, P.R. CHINA 315100 | Attn: ROY Title: OWNER Phone: 18668592828 Email: roy.mao@vip.163.com | Trade Payables | | | | $841,040 |
| 27 | FUZHOU PROJECTHOME COLLECTION CO., LTD NIUTOUSHAN INDUSTRIAL ZONE, HONGWEI, MINHOU COUNTY, FUZHOU CITY, FUJIAN PROVINCE, CHINA 350100 | Attn: ERIC YE Title: OWNER Phone: 86-13799997756 Email: cindy@projecthome.com.cn | Trade Payables | | | | $797,418 |
| 28 | SOLARTEX CORPORATION 7F NO 477, SEC 2 TIDING BLVD TAIPEI CITY 114, TAIWAN | Attn: VICKIE Title: OWNER Phone: 886-2-2657-8518 Email: vickie@solartex.com | Trade Payables | | | | $795,972 |
| 29 | ZHENG QUN NON WOVEN PRODUCTS COMPANY NO 184, PUZIPU, WANQIAO VILLAGE, ZHUQI TOWNSHIP, CHIAYI COUNTY 604, TAIWAN, ROC 60491 | Attn: BILL HUANG Title: OWNER Phone: 886-921200707 Email: zq.taiwan@msa.hinet.net | Trade Payables | | | | $793,163 |
| 30 | PENSION BENEFIT GUARANTY CORPORATION PO 2295 1 FAVORITE AVE N.W. SUITE 340 WASHINGTON, DC 20005-4026 UNITED STATES | Attn: PATRICIA KELLY Title: CHIEF FINANCIAL OFFICER Phone: 703-448-0461 Email: kelly.patricia@pbgc.gov Fax: 202-326-4112 | Under Funded Pension Liability | Contingent, Unliquidated | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities are invoiced; RX Professionals with a payable balance are excluded.

**OMNIBUS CONSENT IN LIEU OF A
SPECIAL MEETING OF
THE BOARD OF DIRECTORS,
THE BOARD OF MANAGERS,
AND THE MEMBER, AS APPROPRIATE,
OF THE NBG HOME ENTITIES LISTED
ON THE ATTACHED <u>SCHEDULE I</u>**

The undersigned, constituting all of the members of the Board of Directors, the Board of Managers, and the member, as appropriate, of each company listed on the attached **<u>Schedule I</u>** (each, a "<u>Company</u>"), in lieu of holding a special meeting of the Board of Directors (the "<u>Corp Board</u>"), the Board of Managers (the "<u>LLC Board</u>"), and the member (the "<u>Member</u>") of such Company (collectively, the "<u>Governing Boards</u>"), hereby take the following actions and adopt the following resolutions by written consent, dated as of February 8, 2023,  pursuant to the governing law and/or governing document of such Company set forth on **<u>Schedule I</u>**:

WHEREAS, the Governing Board of each Company has duly considered certain materials presented by, or on behalf of, such Company's management ("<u>Management</u>") and financial and legal advisors (collectively, the "<u>Advisors</u>"), including, but not limited to, materials regarding each Company's liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to such Company; and the impact of the foregoing on such Company's business and operations;

WHEREAS, on November 11, 2022, in connection with the evaluation of such strategic and financial alternatives, the Governing Board of each Company determined in an exercise of its business judgment that it is in the best interest of such Company to appoint two independent directors, Jeffrey Dane and Jonathan F. Foster (collectively, the "<u>Independent Directors</u>"), to investigate all potential causes of action or claims such Company may have in connection with such strategic alternatives (the "<u>Investigation</u>");

WHEREAS, the Independent Directors do not otherwise have an interest in the Investigation;

WHEREAS, the Governing Board of each Company has reviewed and considered presentations by Management and the Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "<u>Restructuring Support Agreement</u>") and the advantages and disadvantages to each Company of the transactions contemplated thereunder;

WHEREAS, the Restructuring Support Agreement contemplates that each Company will, among other things, file a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction;

WHEREAS, the Governing Board of each Company has reviewed and considered presentations by Management and the Advisors regarding the advantages and disadvantages of both (i) the chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") and (ii) the debtor-in-possession financing facility contemplated in the Restructuring Support Agreement;

WHEREAS, the Governing Board of each Company has had adequate opportunity to consult with Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic and financial alternatives available to such Company; and

WHEREAS, the Governing Board of each Company has determined, in their business judgment, that the adoption of the following resolutions is advisable and in the best interests of each Company and its respective stakeholders and other parties in interest.

1.    **VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF**

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Governing Board of each Company, it is desirable and in the best interests of each Company, its interest holders, its creditors, and other parties in interest, that each Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition in the Bankruptcy Court or other court of competent jurisdiction, for such Company and, in accordance with the requirements of such Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions; and

FURTHER RESOLVED, that any director, manager, or other duly appointed officer of each Company (each, an "Authorized Person," and collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons be, and hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operations of each Company's business.

2.    **RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Persons of each Company, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to employ the following professionals on behalf of such Company:  (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel;

(ii) Jackson Walker LLP, as local bankruptcy counsel; (iii) Alvarez & Marsal North America, LLC, as financial advisor; (iv) Guggenheim Securities, LLC, as investment banker; (v) Hilco Real Estate, LLC, as exclusive agent with respect to the sale of certain properties, (vi) Omni Agent Solutions, as claims, noticing, and solicitation agent and administrative advisor; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of such Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the company or common seal of such Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals.

## 3.   CASH   COLLATERAL,   DEBTOR-IN-POSSESSION   FINANCING,   AND ADEQUATE PROTECTION

RESOLVED, that each Company will obtain benefits, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Company, from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders, and (b) the incurrence of debtor-in-possession financing obligations by entering into that certain superpriority priming multi-draw term loan debtor-in-possession credit agreement (the "DIP Credit Agreement" and such financing obligations, the  "DIP Financing");

FURTHER RESOLVED, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the secured parties (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (the "DIP Order") to be submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement be, and hereby are, in all respects approved, and each Company is authorized to enter into the DIP Credit Agreement subject to approval by the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause each Company's performance of its obligations under the DIP Credit Agreement and the DIP Order, and such other agreements, certificates, instruments, fee letters, guaranties, notices, receipts, recordings, filings, petitions, motions, or any other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Credit

Agreement, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Governing Board of each Company, with such changes, additions, and modifications thereto as the Authorized Persons of each Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof;

FURTHER RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

FURTHER RESOLVED, that the Authorized Persons of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to effectuate the DIP Transactions, including delivery of:  (a) the DIP Documents (including, without limitation, any amendments to any DIP Documents); and (b) such other agreements, instruments, certificates, notices, assignments, and documents as may be reasonably requested by the agent under the DIP Financing (the "DIP Agent") (clauses (a) and (b) of this paragraph, collectively, the "DIP Financing Documents");

FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of such Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Company and such other filings in respect of intellectual and other property of such Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Order; and

FURTHER RESOLVED, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Financing Documents, which shall in their sole judgment be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Order or any of the other DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## 4.   THE RESTRUCTURING SUPPORT AGREEMENT AND THE CHAPTER 11 PLAN

RESOLVED, that the Governing Board of each Company has determined in its business judgment that it is desirable and in the best interests of such Company, its creditors, and other stakeholders to enter into the Restructuring Support Agreement and that such Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized and approved;

FURTHER RESOLVED, that the Authorized Persons of each Company be, and each hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Bankruptcy Petitions, and that such Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved;

FURTHER RESOLVED, that the Governing Board of each Company has determined in its business judgment that it is desirable and in the best interests of each such Company, its creditors, and other stakeholders, that the Authorized Persons of each Company file or cause to be filed the Plan and all other papers or documents (including a disclosure statement and any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan (as may be modified with the support of the parties to the Restructuring Support Agreement), subject to the continuing Investigation by the Independent Directors;

FURTHER RESOLVED, that the Authorized Persons of each Company, acting alone or with one or more other Authorized Persons, be and they hereby are, authorized, empowered, and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan; and

FURTHER RESOLVED, that the Authorized Persons of each Company, acting alone or with one or more other Authorized Persons, be, and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement and the Plan.

## 5.   FURTHER ACTIONS AND PRIOR ACTIONS

RESOLVED, that in addition to the specific authorizations conferred upon the Authorized Persons of each Company in these resolutions, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents and to pay all expenses, including but not limited to filing fees, in each case as in

such Authorized Person's or Authorized Persons' judgment, shall be determined necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of these resolutions, such determination to be conclusively evidenced by such Authorized Person or Authorized Persons taking such action or execution thereof;

FURTHER RESOLVED, that the Governing Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by these resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice; and

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by these resolutions done in the name of and on behalf of each Company, which acts would have been approved by these resolutions except that such acts were taken before the adoption of these resolutions, are by these resolutions, in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Governing Board of each Company.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Corp Board, or the LLC Board, or by the Member, as appropriate, of each Company, duly called and constituted, pursuant to such Company's governing document and the laws of the state of incorporation/formation of such Company set forth on **Schedule I**.

This written consent may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same consent.

* * * * *

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of NBG Intermediate Holdings Inc., do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director

_____
Forrest White
Director

_____
Jeffrey Dane
Director

_____
Jonathan F. Foster
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of NBG Intermediate Holdings Inc., do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director

_____
Forrest White
Director

_____
Jeffrey Dane
Director

_____
Jonathan F. Foster
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of NBG Intermediate Holdings Inc., do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director

_____
Forrest White
Director

_____
Jeffrey Dane
Director

_____
Jonathan F. Foster
Director

*Omnibus Board and Member Consent re Chapter 11 Filing - NBG Intermediate Holdings Inc.*

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of NBG Intermediate Holdings Inc., do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director

_____
Forrest White
Director

_____
Jeffrey Dane
Director

*Jonathan F. Foster*
_____
Jonathan F. Foster
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of KNB Holdings Corporation, do hereby consent to the foregoing resolutions as of the date first above written.

Ralph Schipani
Director


Forrest White
Director


Hope Margala
Director


Steven Scheyer
Director


Jeffrey Dane
Director


Jonathan F. Foster
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of KNB Holdings Corporation, do hereby consent to the foregoing resolutions as of the date first above written.

---
Ralph Schipani
Director

---
Forrest White
Director

---
Hope Margala
Director

---
Steven Scheyer
Director

---
Jeffrey Dane
Director

---
Jonathan F. Foster
Director

*Omnibus Board and Member Consent re Chapter 11 Filing - KNB Holdings Corporation*

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of KNB Holdings Corporation, do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director


_____
Forrest White
Director

*Hope Margala*
_____
Hope Margala
Director


_____
Steven Scheyer
Director


_____
Jeffrey Dane
Director


_____
Jonathan F. Foster
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of KNB Holdings Corporation, do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director


_____
Forrest White
Director


_____
Hope Margala
Director

DocuSigned by:

*Steven Scheyer*

_____
Steven Scheyer
Director


_____
Jeffrey Dane
Director


_____
Jonathan F. Foster
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of KNB Holdings Corporation, do hereby consent to the foregoing resolutions as of the date first above written.

Ralph Schipani
Director

Forrest White
Director

Hope Margala
Director

Steven Scheyer
Director

Jeffrey Dane
Director

Jonathan F. Foster
Director

*Omnibus Board and Member Consent re Chapter 11 Filing - KNB Holdings Corporation*

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of KNB Holdings Corporation, do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director


_____
Forrest White
Director


_____
Hope Margala
Director


_____
Steven Scheyer
Director


_____
Jeffrey Dane
Director

DocuSigned by:

*Jonathan F. Foster*
A03EDDA37B299E4...
_____
Jonathan F. Foster
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors and all of the members of the Board of Managers, as appropriate, of each of (a) N&B Industries, Inc.; (b) Home Decor Holding Company; (c) Jimco Lamp & Manufacturing Company; (d) Patton Picture Company; (e) Design Solutions International, Inc.; (f) Dwell & Decor Outdoor LLC; (g) Cheyenne Products LLC; (h) Quoizel, LLC; and (i) Dwelling & Decor LLC, does hereby consent to the foregoing resolutions as of the date first above written.


*Hope Margala*
_____
Hope Margala


_____
Stephanie Suggs

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors and all of the members of the Board of Managers, as appropriate, of each of (a) N&B Industries, Inc.; (b) Home Decor Holding Company; (c) Jimco Lamp & Manufacturing Company; (d) Patton Picture Company; (e) Design Solutions International, Inc.; (f) Dwell & Decor Outdoor LLC; (g) Cheyenne Products LLC; (h) Quoizel, LLC; and (i) Dwelling & Decor LLC, does hereby consent to the foregoing resolutions as of the date first above written.


_____
Hope Margala


_____
Stephanie Suggs

IN   WITNESS   WHEREOF,   the   undersigned,   being   the   Member   of Nielsen & Bainbridge, LLC, does hereby consent to the foregoing resolutions as of the date first above written.

N&B INDUSTRIES, INC.,
a Delaware corporation,
as the Member of Nielsen & Bainbridge, LLC

By:   *Hope Margala*
      Hope Margala

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of NBG Topco Holdings Inc., do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director


_____
Forrest White
Director

IN WITNESS WHEREOF, the undersigned, constituting all of the members of the Board of Directors of NBG Topco Holdings Inc., do hereby consent to the foregoing resolutions as of the date first above written.

_____
Ralph Schipani
Director

_____
Forrest White
Director

IN WITNESS WHEREOF, the undersigned, being the Member of NBG Propco LLC, does hereby consent to the foregoing resolutions as of the date first above written.

NBG TOPCO HOLDINGS INC.,
a Delaware corporation,
as the Member of NBG Propco LLC


Ralph Schipani
Vice President

## **Schedule I**

List of Each Company, its Governing Law/Document, and the members of the Governing Boards:

| **Name of Company and its State of Formation** | **Governing Law/Document** | **Governing Board** |
|---|---|---|
| NBG Topco Holdings Inc., a Delaware corporation | Section 141(f) of the General Corporation Law of the State of Delaware and the NBG Topco By-laws | Board of Directors: Ralph Schipani Forrest White |
| NBG Propco LLC, a Delaware limited liability company | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the NBG Propco LLC Agreement | Member Managed NBG Topco Holdings Inc. |
| NBG Intermediate Holdings Inc., a Delaware corporation | Section 141(f) of the General Corporation Law of the State of Delaware and the NBG Intermediate By-laws | Board of Directors: Ralph Schipani Forrest White Jeffrey Dane Jonathan F. Foster |
| KNB Holdings Corporation, a Delaware corporation | Section 141(f) of the General Corporation Law of the State of Delaware and the KNB Holdings By-laws | Board of Directors: Ralph Schipani Forrest White Hope Margala Steven Scheyer Jeffrey Dane Jonathan F. Foster |
| N&B Industries, Inc., a Delaware corporation | Section 141(f) of the General Corporation Law of the State of Delaware and the N&B Industries By-laws | Board of Directors: Hope Margala Stephanie Suggs |
| Nielsen & Bainbridge, LLC, a Delaware limited liability company | Section 18-302(d) of the Limited Liability Company Act of the State of Delaware and the Nielsen & Bainbridge LLC Agreement | Sole Member N&B Industries, Inc. |
| Dwelling & Decor LLC, a Texas limited liability company | Section 6.201 of the Texas Business Organizations Code and the Company Agreement of Dwelling & Decor LLC | Board of Managers: Hope Margala Stephanie Suggs |
| Design Solutions International, Inc., a Florida corporation | Section 607.0821 of the Business Corporation Act of the State of Florida and the By-laws of Design Solutions | Board of Directors: Hope Margala Stephanie Suggs |
| Cheyenne Products LLC, a Delaware limited liability company | Section 18-404(d) of the Limited Liability Company Act of the State of Delaware and the Limited Liability Company Agreement of Cheyenne Products | Board of Managers: Hope Margala Stephanie Suggs |
| Dwell & Decor Outdoor LLC, a Delaware limited liability company | Section 18-404(d) of the Limited Liability Company Act of the State of Delaware and the Limited Liability Company Agreement of Dwell & Decor | Board of Managers: Hope Margala Stephanie Suggs |
| Patton Picture Company, an Ohio corporation | Section 1701.54 of the General Corporation Law of the State of Ohio and the By-laws of Patton Picture | Board of Directors: Hope Margala Stephanie Suggs |
| Home Decor Holding Company, an Ohio corporation | Section 1701.54 of the General Corporation Law of the State of Ohio and the By-laws of Home Décor | Board of Directors: Hope Margala Stephanie Suggs |
| Jimco Lamp & Manufacturing Company, an Ohio corporation | Section 1701.54 of the General Corporation Law of the State of Ohio and the By-laws of Jimco Lamp | Board of Directors: Hope Margala Stephanie Suggs |
| Quoizel, LLC, a New York limited liability company | Section 708(b) of the Limited Liability Company Law of the State of New York and the Limited Liability Company Agreement of Quoizel | Board of Managers: Hope Margala Stephanie Suggs |